UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00100-FDW-DSC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) | ORDER |
| vs. | ) |  |
| JAMARIO CURTIS HILL, | ) |  |
| Defendant. | ) |  |

THIS MATTER is before the Court on Defendant's Notice of Appeal and Motion to Revoke Detention Order (Doc. No. 10). In this Notice and Motion, Defendant seeks to reverse the decision of United States Magistrate Judge David C. Keesler holding him in pretrial detention. (Doc. No. 7). After closely reviewing the record in this case, Defendant's Motion is DENIED.

Where a "district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (per curiam) (unpublished).

Defendant was originally charged with violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1). On April 29, 2015, at Defendant's Initial Appearance, United States Magistrate Judge David S. Cayer granted the Government's motion for the detention of Defendant pending his detention hearing. Thereafter, on May 4, 2015, Judge Keesler entered an Order of Detention Pending Trial, finding that there is a serious risk that Defendant will endanger the safety of another person or the

1

community. (Doc. No. 7). Specifically, the Magistrate Judge expressed concern about Defendant's prior criminal history, which includes several crimes of violence, in light of the current charge against Defendant involving the possession of a firearm by a felon. Id.

In accordance with Section 3145(c), the Court has promptly considered the appeal from the Detention Order. The Bail Reform Action of 1984 authorized and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. In order to detain a defendant pending trial, the judicial officer must "find[]that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stewart, 19 Fed. Appx. at 48.

The Court has reviewed both the written Order and the recording of Defendant's detention hearing and finds that Judge Keesler properly considered the section 3142(g) factors in ordering Defendant's detention pending trial. The Court finds it appropriate to detain a defendant with a record of crimes of violence, especially in light of the pending charges against Defendant involving possession of a firearm by a felon. While it is clear that Defendant has substantial ties to the Western District of North Carolina, it is equally clear that Defendant poses a serious danger to the community. Therefore, the Court agrees with the Magistrate Judge that there is no condition or

community. (Doc. No. 7). Specifically, the Magistrate Judge expressed concern about Defendant's prior criminal history, which includes several crimes of violence, in light of the current charge against Defendant involving the possession of a firearm by a felon. Id.

In accordance with Section 3145(c), the Court has promptly considered the appeal from the Detention Order. The Bail Reform Action of 1984 authorized and sets forth the procedures for a judicial officer to order the release or detention of an arrested person pending trial, sentence, and appeal. In order to detain a defendant pending trial, the judicial officer must "find[]that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e). The factors to be considered in determining whether to release a defendant pending trial are set forth in section 3142(g). Those factors include:

> (1) nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including family ties, the person's character, ties to the community, and criminal history; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Stewart, 19 Fed. Appx. at 48.

The Court has reviewed both the written Order and the recording of Defendant's detention hearing and finds that Judge Keesler properly considered the section 3142(g) factors in ordering Defendant's detention pending trial. The Court finds it appropriate to detain a defendant with a record of crimes of violence, especially in light of the pending charges against Defendant involving possession of a firearm by a felon. While it is clear that Defendant has substantial ties to the Western District of North Carolina, it is equally clear that Defendant poses a serious danger to the community. Therefore, the Court agrees with the Magistrate Judge that there is no condition or

combination of conditions that will reasonably assure the safety of any other person or the community.

IT IS THEREFORE ORDERED that Defendant's Notice of Appeal and Motion to Revoke Detention Order (Doc. No. 10) is DENIED, and the Court affirms the Magistrate Judge's decision to detain Defendant.

The Clerk is respectfully directed to send certified copies of this Order to the U.S. Marshall Service, Defense Counsel, and the United States Attorney's Office.

IT IS SO ORDERED.

Signed: May 18, 2015

Frank D. Whitney
Chief United States District Judge